1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

9   Thomas Christopher Adolf,

10                     Petitioner,

11   v.

12   Warden O'Neil, et al.,

13                     Respondents.

14
15
16

No. CV-15-1030-PHX-DLR (ESW)

**REPORT AND
RECOMMENDATION**

17   **TO THE HONORABLE DOUGLAS L. RAYES, UNITED STATES DISTRICT**
18   **JUDGE:**

19          Pending before the Court is Thomas Christopher Adolf's ("Petitioner") Petition
20   under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Petition") (Doc. 1).
21   Respondents have answered (Doc. 14), and Petitioner has replied (Doc. 17).  The matter
22   is deemed ripe for consideration.

23          Petitioner raises six grounds for habeas relief in the Petition.  The undersigned
24   finds that (i) Grounds One and Four do not present cognizable habeas claims; (ii)
25   Grounds Two and Three are waived by Petitioner's guilty pleas; (iii) Ground Five is
26   procedurally defaulted and alternatively without merit; and (iv) Ground Six is
27   procedurally defaulted.  The undersigned concludes that Petitioner's procedural defaults
28   should not be excused.  It is therefore recommended that the Petition be dismissed with

prejudice.

## I. BACKGROUND

The Petition concerns Petitioner's convictions and sentences in two separate criminal cases filed in the Superior Court of Arizona for the County of Maricopa.[1]   In those cases, the Maricopa County Grand Jury indicted Petitioner on a combined total of twenty counts of sexual exploitation of a minor, class 2 felonies and dangerous crimes against children.  (Doc. 14-1 at 2-11).

On January 4, 2012, Petitioner entered into a plea agreement in each of the two cases.  (*Id*. at 28-36).  Petitioner agreed to plead guilty to a total of five counts of attempted sexual exploitation of a minor, each a class 3 felony and a dangerous crime against children in the second degree.  (*Id*.).  Petitioner and the State agreed that Petitioner would be sentenced "for no less than 20 years and no greater than 27 years" on two of the counts and would be placed on lifetime probation on three other counts.  (*Id*. at 28, 33).  The State agreed to dismiss the remaining counts.  (*Id*.).

On March 2, 2012, the trial court sentenced Petitioner in both cases.  On two of the counts, the trial court sentenced Petitioner to a combined aggravated sentence of twenty-seven years in prison.  (Doc. 14-1 at 70-75; Doc. 14-3 at 87).  The trial court sentenced Petitioner to lifetime probation on three other counts, and dismissed the remaining counts.  (Doc. 14-1 at 73; Doc. 14-2 at 2-6; Doc. 14-3 at 88-89).

After sentencing, Petitioner timely filed a Notice of Post-Conviction Relief ("PCR").  (Doc. 14-2 at 8-11).  The trial court appointed Petitioner PCR counsel, who was unable to find a colorable claim for relief.  (*Id*. at 13-18).  In November 2012, Petitioner filed his PCR Petition.  (*Id*. at 29-43).  In March 2013, the trial court summarily dismissed the PCR Petition.  (Doc. 14-2 at 64-68).  The Arizona Court of Appeals granted Petitioner's Petition for Review, but denied relief.  (*Id*. at 70-85; Doc.

---

[1] The case numbers are CR2011-115832-001 and CR2011-006200-001.  Petitioner lists both case numbers in the section of the Petition describing the judgments of conviction being challenged.  (Doc. 1 at 1).  Although some grounds in the Petition appear to be raised only as to CR2011-115832-001, the undersigned has liberally construed the Petition as raising all six grounds as to both criminal cases.

14-3 at 2-4).  In May 2015, the Arizona Supreme Court denied Petitioner's request for further review.  (Doc. 14-3 at 6-15, 20).

On June 5, 2015, Petitioner filed the Petition seeking federal habeas relief (Doc. 1).[2]  The Court required Respondents to answer.  (Doc. 6).  On September 25, 2015, Respondents filed their Answer (Doc. 14).  Petitioner replied on October 21, 2015 (Doc. 17).

## II.  DISCUSSION

### A.  Ground One, which States that the "Defendant has the Right to Challenge his Indictment," is Not a Cognizable Habeas Claim

Federal law "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'"  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)).  To plead a cognizable federal habeas claim, a petitioner must set forth in his or her petition the facts supporting the specific ground upon which relief is sought.   Rule 2(c), foll. 28 U.S.C. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Advisory Committee Note to Rule 4, foll. 28 U.S.C. § 2254 (citation and internal quotation marks omitted); *see also Mayle v. Felix*, 545 U.S. 644, 655 (2005) (noting that the rules governing pleading for Section 2254 habeas petitions is "more demanding" than the notice pleading allowed under Fed. R. Civ. P. 8); *Wacht v. Cardwell*, 604 F.2d 1245, 1247 (9th Cir. 1979) (concluding that a habeas petitioner "failed to satisfy the specificity requirement of § 2254 pleadings or to show that there is a 'real possibility' of constitutional error" by "merely alleg[ing] that he ' . . . was not informed of the consequences of his plea. . . .'").

Ground One of the Petition states: "The Defendant has the right to challenge his indictment."  (Doc. 1 at 6).  In the "Supporting Facts" section, Petitioner challenges the

---

[2] Respondents do not argue, and the undersigned does not find, that the Petition is barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The one-year statute of limitations for a state prisoner to file a federal habeas petition is codified at 28 U.S.C. § 2244(d).

State's argument during the PCR proceeding that Petitioner waived his right to challenge the indictments by pleading guilty pursuant to the plea agreements.  Petitioner asserts that "[b]ecause an indictment is jurisdictional, a defect in an indictment is not waived by a guilty plea . . . ."  (*Id.*).  Ground One does not allege that Petitioner is in custody in violation of federal law and therefore is not cognizable in this proceeding.[3]  *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989) ("A habeas petition must allege the petitioner's detention violates the constitution, a federal statute or a treaty."); *see also Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)) (stating that a writ of habeas corpus is available under 28 U.S.C. § 2254(a) "only on the basis of some transgression of federal law binding on the state courts").  The undersigned thus recommends that the Court dismiss Ground One.

### B.  Grounds Two and Three, which Challenge the Sufficiency of Petitioner's Indictments, are Foreclosed By Petitioner's Guilty Pleas

#### 1.  Legal Standards

A guilty plea made knowingly, intelligently, and voluntarily generally forecloses federal habeas review of allegations of pre-plea constitutional violations.  *Hudson v. Moran*, 760 F.2d 1027, 1029-30 (9th Cir. 1985); *United States v. Floyd*, 108 F.3d 202, 204 (9th Cir. 1997) (an unconditional guilty plea "cures all antecedent constitutional defects").  "This rule is predicated on the idea that a valid guilty plea 'removes the issue of factual guilt from the case.'"  *Lemke v. Ryan*, 719 F.3d 1093, 1097 (9th Cir. 2013) (quoting *Menna v. New York*, 423 U.S. 61, 63 n.2 (1975)).  Moreover, as explained by the U.S. Supreme Court in *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), "a guilty plea represents a break in the chain of events which has preceded it in the criminal process."

A knowing, intelligent, and voluntary guilty plea, however, does not foreclose all pre-plea constitutional violations.  The U.S. Supreme Court clarified that:

---

[3] Alternatively, Ground One may be liberally construed as presenting the same challenge to Petitioner's indictments as presented in Grounds Two and Three.  If so construed, dismissal of Ground One is warranted for the same reasons dismissal of Grounds Two and Three is warranted.

> [n]either *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235, nor our earlier cases on which it relied . . . stand for the proposition that counseled guilty pleas inevitably "waive" all antecedent constitutional violations. However in *Tollett* we emphasized that waiver was not the basic ingredient of this line of cases, *id*., 411 U.S. at 266, 93 S.Ct., at 1607. The point of these cases is that a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. **A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established**.

*Menna*, 423 U.S. at 63 n.2 (emphasis added).

The Ninth Circuit has thus held that the general rule that a guilty plea forecloses pre-plea claims does not apply "when the defect in question is a 'jurisdictional' one. . . . which, judged on the face of the indictment and record, the charge in question is one which the state may not constitutionally prosecute." *United States v. Johnston*, 199 F.3d 1015, 1020 n.3 (9th Cir. 1999) (citing *United States v. Broce*, 488 U.S. 563, 574-76 (1989)); *see also United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1994) (per curiam) (guilty plea precludes all non-jurisdictional defect claims). For ease of reference and in accordance with nomenclature used by the Ninth Circuit,[4] this Report and Recommendation refers to the exception in the preceding sentence as the "Jurisdictional Claim Exception."

The Jurisdictional Claim Exception is limited "to those cases in which the district court could determine that the government lacked the power to bring the *indictment at the time of accepting the guilty plea from the face of the indictment or from the record*." *Cortez*, 973 F.2d at 766-67 (emphasis in original) (citing *Broce*, 488 U.S. at 569, 576).

---

[4] In *United States v. Cortez*, 973 F.2d 764, 767 (9th Cir. 1992), the Ninth Circuit used the phrase "jurisdictional claim exception" in explaining the Supreme Court case *Broce*.

Although the Ninth Circuit has recognized that it is not entirely clear what claims satisfy the Jurisdictional Claim Exception, it has held that the Jurisdictional Claim Exception applies "to claims that the statute is facially unconstitutional; or that the indictment failed to state a valid claim; or vindictive prosecution; or possibly selective prosecution." *Johnston*, 199 F.3d at 1020 n.3.

### 2. Petitioner's Guilty Pleas were Knowingly, Intelligently, and Voluntarily Made

In 2012, Petitioner entered into the plea agreements in the two criminal cases filed against him. (Doc. 14-1 at 28-36). After reviewing the plea agreements with Petitioner and advising Petitioner of his constitutional rights, the trial court accepted Petitioner's guilty pleas. (Doc. 14-3 at 27-43). In his Reply, Petitioner alleges that his guilty pleas were not knowingly, intelligently, and voluntarily made "because the court did not disclose element of charged crime." (Doc. 17 at 6). Petitioner also states that he "never claimed understanding of the law." (*Id*.). Petitioner's allegations are meritless in light of the record.

At the change of plea hearing, the trial court adequately informed Petitioner of the consequences of his guilty pleas and all other items required to be included in a plea colloquy. *See* Ariz. R. Crim. P. 17.2. Petitioner confirmed that he understood (i) the terms of the plea agreement, (ii) the nature, elements, and factual basis of the charges to which he was pleading guilty, and (iii) all of the rights he was giving up by pleading guilty under the terms of the plea agreements. (Doc. 14-3 at 27-43). Movant also confirmed in the plea agreements and at the change of plea hearing that he was entering into the plea agreements voluntarily. (*Id*. at 29; Doc. 14-1 at 30, 35). *See United States v. Ross*, 511 F.3d 1233, 1236-37 (9th Cir. 2008) (a defendant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his entry of a guilty plea was knowing and voluntary); *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Kaczynski*, 239 F.3d 1108, 1115 (9th Cir. 2001) (giving "substantial weight" to defendant's

1     in-court statements).   The undersigned finds that Petitioner knowingly, intelligently,

2     and voluntarily pled guilty to the offenses set forth in the plea agreements.

3     Accordingly, Petitioner's guilty pleas foreclose all claims pertaining to alleged defects

4     occurring prior to Petitioner's guilty pleas unless the Jurisdictional Claim Exception

5     applies.

6                          **3.  Analysis of Grounds Two and Three**

7          Ground Two of the Petition states: "Indictment for CR2011-115832-001 is missing

8     essential elements without these elements the state failed to prove a crime took place, and

9     violated the Defendant's 1st Amendment rights."   (*Id*. at 7).   In the "Supporting Facts"

10    section, Petitioner contends the following:

11               A name and age are essential elements, without both there is
12               no statement of a crime.  It is legal under the 1st Amendment
               to possess images depicting minor engaged in sexual activity
13               'unless the minor depicted is an actual living human being'
14               . . . . The State neglected to differentiate between a 1st
               Amendment right and a crime when it failed to include a name
15               and age, or any proof of an actual person in the indictment.

16    (*Id*.).

17         Ground Three states: "The Court did not obtain jurisdiction to try the accused

18    (CR2011-115832-001)."   (*Id*. at 8).  In the "Supporting Facts" section, Petitioner argues:

19               A guilty plea does not bar a prisoner from challenging his
20               indictment on jurisdictional grounds.

21                    . . . Because the challenge to the indictment is based upon
               an omission of an essential element, jurisdiction of the subject
22               matter cannot be conferred by consent.   Therefore, we must
               conclude that the Court acquires no jurisdiction of the subject
23               matter of the alleged offense unless all the essential elements
24               constituting the offense are set forth in the indictment.

25    (*Id*.).

26         The crux of Grounds Two and Three is Petitioner's claim that alleged defects in the

27    indictments in his cases divested the trial court of subject matter jurisdiction to try

28

Petitioner on the charged felonies.[5]  In his Reply (Doc. 17 at 8), Petitioner argues that the:

> trial court's conclusion that the indictment was not 'fatally flawed' is contrary to state law, federal law and violates due process.
>
> Arizona Rules of Criminal Procedure 13.1(a) It is mandatory in its language that the indictment contain a statement of facts. A statement of facts must appear on the indictment. . . . State trial court's violation of state law constitutes violation of federal constitutional right to Due Process.

First, by knowingly, intelligently, and voluntarily entering guilty pleas, Petitioner has waived any claim arising from a defect in the indictments as the Jurisdictional Claim Exception does not apply.  *See United States v. Arnt*, 474 F.3d 1159, 1162 (9th Cir. 2007) (rejecting contention that the indictment's "failure to assert residence stripped the district court of jurisdiction to hear the case," because "defects in an indictment do not deprive a court of its power to adjudicate a case") (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)); *United States v. Williams*, 341 U.S. 58, 66 (1951) (holding that a ruling "that the indictment is defective does not affect the jurisdiction of the trial court to determine the case presented by the indictment"); *Lamar v. United States*, 240 U.S. 60, 65, (1916) (noting that "[t]he objection that the indictment does not charge a crime against the United States goes only to the merits of the case," rather than the court's jurisdiction).

Second, in reviewing a habeas petition, a federal court cannot reexamine state court determinations on state law questions.  *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991).  A habeas petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).  Moreover, an "[i]ndictment by grand jury is not part of the due process

---

[5] Although Grounds Two and Three explicitly reference only Case No. CR2011-115832-001, the undersigned has liberally construed the grounds as also being raised as to Case No. CR2011-006200-011 because (i) the grounds may also apply to that case and (ii) Petitioner stated in the Petition that he is challenging his convictions and sentences in both cases.

guarantees of the Fourteenth Amendment that apply to state criminal defendants." *Jeffries v. Blodgett,* 5 F.3d 1180, 1188 (9th Cir. 1993).

The trial court's decision, which was adopted by the Arizona Court of Appeals, rejected Petitioner's claim that Petitioner's indictments were defective.  (Doc. 14-2 at 67; Doc. 14-3 at 3).  That determination is binding on the Court.  Petitioner's challenges to the indictments concern whether the indictments were procedurally defective under state law (i.e. whether the indictments complied with Arizona Rules of Criminal Procedure). *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) ("[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus.").  As such, the claim raised in Grounds Two and Three is not reviewable in this federal habeas proceeding.  *See* 4 GILLESPIE MICH. CRIM. L. & PROC. § 156:28 (2d ed.) ("The failure of an indictment to allege a crime will not be considered in habeas corpus proceedings after conviction if the indictment is under a statute whose constitutionality is not questioned and which establishes an offense over which the sentencing court had jurisdiction.") (citing *Telfian v. Johnston*, 122 F.2d 346 (9th Cir. 1941)).

For the above reasons, the undersigned recommends that the Court dismiss Grounds Two and Three.

### C.  Ground Four, which Alleges that the "Court Abused its Judicial Power," Does Not Present a Cognizable Habeas Claim

Ground Four of the Petition merely states that "[t]he Court abused its judicial power." (*Id.* at 9).  In the "Supporting Facts" section, Petitioner makes three contentions: (i) the "Court accepted a fatall [sic] flawed indictment"; (ii) "[t]he Court also violated the Defendant's 'Blakely' rights.  When the plea was signed there was no mention of any aggravating facts"; and (iii) "[w]hen the Judge's impartiality was questioned, she failed to recuse herself violating 28 U.S.C. § 455(a)(2000). . . . A neutral judge is one of the most basic due process protections." (*Id.*).  The undersigned finds that the broad and conclusory allegations presented in Ground Four do not adequately present cognizable claims for habeas relief and that Ground Four therefore should be summarily dismissed.

*See Jones v. Gomez,* 66 F.3d 199, 205 (9th Cir. 1995) (stating that a petitioner's conclusory suggestion that a constitutional right has been violated falls "far short of stating a valid claim of constitutional violation").

Further, any cognizable habeas claim presented in the statement "the Court accepted a fatall [sic] indictment" has been waived by Petitioner's guilty plea for the reasons explained in Section II(B) above.  In addition, any cognizable habeas claim presented in the statement that the trial court "violated the Defendant's 'Blakely' rights" has also been waived by Petitioner's plea agreements.  *See United States v. Shedrick*, 493 F.3d 292, 303 (3rd Cir. 2007) (concluding that defendant's "Blakely-based contention," was an argument that defendant "waived as part of [his] plea agreement.").

The U.S. Supreme Court in *Blakely v. Washington*, 542 U.S. 296, 310 (2004), held that "[w]hen a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding."  Here, Petitioner initialed the statement in both plea agreements providing that "[t]he parties hereto fully and completely understand and agree that by entering into a plea agreement, the <u>defendant consents to judicial fact finding by preponderance of the evidence</u> as to any aspect or enhancement of the sentence and that any sentence [stipulated herein] is not binding on the court."  (Doc. 14-1 at 29, 34) (emphasis added).  As discussed, the undersigned finds that Petitioner knowingly, intelligently, and voluntarily pled guilty pursuant to the plea agreements.  Petitioner expressly bargained for the twenty-seven year prison sentence he received and is foreclosed from challenging it in this proceeding.  (*Id.* at 28).

Finally, Petitioner's conclusory claim that the trial judge should have recused herself fails to overcome the "strong presumption that a judge is not biased or prejudiced." *Sivak v. Hardison*, 658 F.3d 898, 924 (9th Cir. 2011) (quoting *Rhoades v. Henry*, 598 F.3d 511, 519 (9th Cir. 2010)).  Moreover, the federal recusal statute cited by Petitioner in Ground Four (28 U.S.C. § 455) does not govern state court judges. Petitioner's assertion in his Reply (Doc. 17 at 13) that the trial judge violated a state ethics

regulation does not raise a cognizable habeas claim.  To reiterate, "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

### D. Ground Five, which Alleges the Ineffective Assistance of Counsel, is Procedurally Defaulted and is Alternatively without Merit

#### 1. Legal Standards

##### i. Exhaustion-of-State-Remedies Doctrine

It has been settled for over a century that a "state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("It has been settled since *Ex parte Royall*, 117 U.S. 241, 6 S. Ct. 734, 29 L.Ed. 868 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."). The exhaustion doctrine is codified at 28 U.S.C. § 2254.  That statute provides that a habeas petition may not be granted unless the petitioner has (i) "exhausted" the available state court remedies; (ii) shown that there is an "absence of available State corrective process"; or (iii) shown that "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).

Case law has clarified that in order to "exhaust" state court remedies, a petitioner's federal claims must have been "fully and fairly presented" in state court.  *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014).  To "fully and fairly present" a federal claim, a petitioner must present both (i) the operative facts and (ii) the federal legal theory on which his or her claim is based.  This test turns on whether a petitioner "explicitly alerted" a state court that he or she was making a federal constitutional claim. *Galvan v. Alaska Department of Corrections*, 397 F.3d 1198, 1204–05 (9th Cir. 2005). "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citation omitted); *see also Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001) (federal basis of a claim must be "explicit either by citing federal law or the decisions of federal courts, even if the

- 11 -

1   federal basis is self-evident or the underlying claim would be decided under state law on

2   the same considerations that would control resolution of the claim on federal grounds").

3   **ii.  Procedural Default Doctrine**

4   If a claim was presented in state court, and the court expressly invoked a state

5   procedural rule in denying relief, then the claim is procedurally defaulted in a federal

6   habeas proceeding.  *See, e.g., Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001).

7   Even if a claim was not presented in state court, a claim may be procedurally defaulted in

8   a federal habeas proceeding if the claim would now be barred in state court under the

9   state's procedural rules.  *See, e.g., Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).  A

10  petitioner may overcome a procedural default by proving one of two exceptions.

11  In the first exception, the petitioner must show cause for the default and actual

12  prejudice as a result of the alleged violation of federal law.  *Hurles v. Ryan*, 752 F.3d

13  768, 780 (9th Cir. 2014).  To demonstrate "cause," a petitioner must show that some

14  objective factor external to the petitioner impeded his or her efforts to comply with the

15  state's procedural rules.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Robinson v.*

16  *Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004).  To demonstrate "prejudice," the petitioner

17  must show that the alleged constitutional violation "worked to his actual and substantial

18  disadvantage, infecting his entire trial with error of constitutional dimensions."  *United*

19  *States v. Frady*, 456 U.S. 152, 170 (1982); *see also Carrier*, 477 U.S. at 494 ("Such a

20  showing of pervasive actual prejudice can hardly be thought to constitute anything other

21  than a showing that the prisoner was denied 'fundamental fairness' at trial.").

22  In the second exception, a petitioner must show that the failure to consider the

23  federal claim will result in a fundamental miscarriage of justice.  *Hurles*, 752 F.3d at 780.

24  This exception is rare and only applied in extraordinary cases.  *Wood v. Ryan*, 693 F.3d

25  1104, 1118 (9th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)).  The

26  exception occurs where a "constitutional violation has probably resulted in the conviction

27  of one who is actually innocent of the offense that is the subject of the barred claim."

28  *Wood*, 693 F.3d at 1117 (quoting *Schlup*, 513 U.S. at 327).

### iii.  Reviewing Habeas Claims on the Merits

In reviewing the merits of a habeas petitioner's claims, AEDPA requires federal courts to defer to the last reasoned state court decision.  *Woods v. Sinclair*, 764 F.3d 1109, 1120 (9th Cir. 2014); *Henry v. Ryan*, 720 F.3d 1073, 1078 (9th Cir. 2013).  To be entitled to relief, a state prisoner must show that the state court's adjudication of his or her claims either:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *see also, e.g., Woods*, 764 F.3d at 1120; *Parker v. Matthews*, 132 S. Ct. 2148, 2151 (2010); *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

As to relief under 28 U.S.C. § 2254(d)(1), "clearly established federal law" refers to the holdings of the U.S. Supreme Court's decisions applicable at the time of the relevant state court decision.  *Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Thaler v. Haynes*, 559 U.S. 43, 47 (2010).  A state court decision is "contrary to" such clearly established federal law if the state court (i) "applies a rule that contradicts the governing law set forth in [U.S. Supreme Court] cases" or (ii) "confronts a set of facts that are materially indistinguishable from a decision of the [U.S. Supreme Court] and nevertheless arrives at a result different from [U.S. Supreme Court] precedent."  *Price v. Vincent*, 538 U.S. 634, 640 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

As to relief under 28 U.S.C. § 2254(d)(2), factual determinations by state courts are presumed correct unless the petitioner can show by clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1); *see also Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011).  A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence

presented in the state-court proceeding." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) (as amended) (internal quotation marks and citation omitted).

### iv. Proving Ineffective Assistance of Counsel Under *Strickland v. Washington*, 466 U.S. 668 (1984)

The "clearly established federal law" for an ineffective assistance of counsel ("IAC") claim is the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner arguing an IAC claim must establish that his or her counsel's performance was (i) objectively deficient and (ii) prejudiced the petitioner. *Strickland*, 466 U.S. at 687. This is a deferential standard, and "[s]urmounting *Strickland's* high bar is never an easy task." *Clark v. Arnold*, 769 F.3d 711, 725 (9th Cir. 2014) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). In the habeas context, the issue is whether there is a "reasonable argument that counsel satisfied *Strickland's* deferential standard, such that the state court's rejection of the IAC claim was not an unreasonable application of *Strickland*. Relief is warranted only if no reasonable jurist could disagree that the state court erred." *Murray v. Schriro*, 746 F.3d 418, 465-66 (9th Cir. 2014) (internal quotation marks and citation omitted).

Although the performance factor is listed first in *Strickland's* two-part test, a court may consider the prejudice factor first. In addition, a court need not consider both factors if the court determines that a defendant has failed to meet one factor. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); *LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998) (a court need not look at both deficiency and prejudice if the habeas petitioner cannot establish one or the other).

### 2. Analysis of IAC Claim Presented in Ground Five

To satisfy the exhaustion-of-state-remedies doctrine, Petitioner, who is a plea-convicted defendant, must have first presented his habeas claims to the trial court in a PCR petition. *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) ("to exhaust one's

state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32"). Then, Petitioner must have petitioned the Arizona Court of Appeals for review of the trial court's ruling on the PCR petition. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005) (in noncapital cases, "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them") (quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

In Ground Five of the Petition, Petitioner contends that he was denied the effective assistance of counsel in violation of his rights under the U.S. Constitution.[6] (Doc. 1 at 12). Petitioner alleges that his attorney "failed to adequately advise [Petitioner] of the legal elements of the charged offense, failed to investigate the validity of any sentence enhancements, consequently failed to conduct informed plea negotiations." (*Id.*). Petitioner asserts that if his defense counsel "explained the definition of the statute, [Petitioner] would never had signed the plea." (*Id.*). Ground Five may be construed as alleging that Petitioner's guilty pleas were rendered involuntary due to the alleged ineffective assistance of Petitioner's defense counsel. However, this claim was not fairly presented in Petitioner's PCR Petition. Petitioner presented six claims in his PCR Petition, which the trial court described as follows:[7]

> 1. Defendant was improperly charged with twenty counts of sexual exploitation of a minor because he possessed only one "visual medium" or storage unit. Defendant alleges that as a result, the charges brought against him were in violation of the double jeopardy clause of the United States Constitution.
>
> 2. The indictments were defective in that they failed to detail each element of the charged offenses so as to give Defendant notice of the charges against him.

---

[6] Petitioner's additional claim that he was denied the effective assistance of counsel as guaranteed by the Arizona Constitution is not cognizable in this proceeding. *Estelle,* 502 U.S. at 67-68.

[7] Petitioner has not challenged the trial court's characterization of the claims presented in the PCR Petition.

3. That the State failed to identify that an actual child was depicted in the images on the Counts to which he plead as opposed to digitally created images of children.

4. There was an insufficient factual basis presented for three of the offenses to which Defendant plead guilty in that there was no proof that these images actually involved children.

5. The Court exceeded its authority [in] making findings of aggravating circumstances because he is constitutionally entitled to a jury trial on those factors.

6. Counsel was ineffective for failing to raise the above listed issues regarding the sufficiency of evidence for Defendant's guilty pleas and for allowing the Court to determine the existence of aggravating factors at sentencing.

(Doc. 14-2 at 64-65).

Because Petitioner's PCR Petition did not present a claim that the ineffectiveness of his defense counsel resulted in unknowing and involuntary guilty pleas, the claim is unexhausted. Moreover, because Petitioner would be precluded from post-conviction relief on the claim under Rule 32 of the Arizona Rules of Criminal Procedure, the claim is deemed procedurally defaulted.[8] *Beaty*, 303 F.3d at 987 (a claim is procedurally defaulted "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the requirement would now find the claims procedurally barred") (quoting *Coleman*, 501 U.S. at 735 n.1)). For the reasons discussed in Section II(F) below, the procedural default should not be excused.

Alternatively, Ground Five may be liberally construed as advancing the same claim presented in the sixth ground for relief in Petitioner's PCR Petition as detailed

---

[8] Ariz. R. Crim. P. 32.2 precludes a defendant from post-conviction relief based upon any ground (i) raisable on direct appeal under Rule 31 or on post-trial motion under Ariz. R. Crim. P. 24; (ii) finally adjudicated on the merits on the appeal or in any previous collateral proceedings; or (iii) that has been waived at trial, on appeal, or in any previous collateral proceedings. In addition, the claim would be precluded in a post-conviction relief proceeding as untimely under Ariz. R. Crim. P. 32.4. *See O'Sullivan v. Boerkel*, 526 U.S. 838, 848 (1999) (where habeas petitioner was time-barred from presenting his claims in state court, claims were procedurally defaulted). The applicable Arizona Rules of Criminal Procedure are explained in more detail in Section II(E) below.

above.  Although the two claims are presented slightly differently, "[a]n exact duplicate of [petitioner's] state court argument is not required for exhaustion. . . ." *Odem v. Hopkins*, 192 F.3d 772, 776 (8th Cir. 1999); *see also* Brian R. Means, POSTCONVICTION REMEDIES § 23:17 ("In seeking federal habeas relief, a petitioner is entitled to reformulate his claims to some degree, so long as the substance remains the same."); *Sweeney v. Carter*, 361 F.3d 327, 333 (7th Cir. 2004) (explaining that a petitioner's presentation of an IAC claim to the state courts under the Sixth Amendment and to the federal court under the Fifth Amendment was a mere variation in legal theory and the substance of the claim remained the same).  In both the Petition (Doc. 1) and PCR Petition, Petitioner claims that his defense counsel was ineffective for failing to raise issues concerning the sufficiency of the indictment, sufficiency of the evidence against Petitioner, and improper application of sentencing enhancements.  The undersigned will therefore determine whether the Arizona state court's rejection of the claim was contrary to or an unreasonable application of *Strickland*.

The last state court decision reviewing the claim in Ground Five is the Arizona Court of Appeals' ruling that affirmed the trial court's dismissal of Petitioner's PCR Petition.  The Court of Appeals stated:

> In summarily dismissing Adolf's petition, the trial court clearly identified the claims Adolf raised, and resolved them correctly based upon a thorough, well-reasoned analysis of the appropriate facts and law.  Because no purpose would be served by reiterating the trial court's ruling in its entirety, we adopt it.

(Doc. 14-3 at 3).  Because the Arizona Court of Appeals adopted the trial court's reasoning, the U.S. District Court may review the trial court's decision as part of the review of the Arizona Court of Appeals' decision.  *Amado v. Gonzalez*, 758 F.3d 1119, 1130 (9th Cir. 2014) (explaining that when the last reasoned decision is a state appellate court decision which adopts or substantially incorporates lower state court decisions, the lower state court decisions may be reviewed as part of the review of the state appellate court's decision).

1       In its March 15, 2013 decision, the trial court ruled that because all of Petitioner's

2  substantive challenges to his convictions and sentences were without merit, Petitioner's

3  defense counsel was not ineffective for failing to raise the challenges.  (Doc. 14-2 at 68).

4  This conclusion is not contrary to or an unreasonable application of *Strickland*.  *See Rupe*

5  *v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) (stating that "the failure to take a futile

6  action can never be deficient performance . . . .").   Accordingly, the undersigned

7  recommends that the Court dismiss Ground Five.

### E. Ground Six, which Contends that Petitioner's Sentence Constitutes Cruel and Unusual Punishment, is Procedurally Defaulted

       Petitioner contends in Ground Six of the Petition that his "sentence was cruel and unusual punishment and violated [his] equal protection rights."  (Doc. 1 at 13).  Petitioner did not present this claim to the trial court in his PCR Petition.  Although Petitioner did present the claim in his Petition for Review filed in the Arizona Supreme Court, a petitioner cannot exhaust a habeas claim by circumventing a state's lower courts and going directly to the state supreme court.  For example, in *Casey v. Moore*, 386 F.3d 896, 915-18 (9th Cir. 2004), the Ninth Circuit held that a ground for habeas relief presented by a petitioner convicted by the State of Washington was unexhausted because the petitioner did not fairly present the claim to the Washington Court of Appeals.  The Court rejected the petitioner's argument that the exhaustion requirement was satisfied because he raised it in his petition for review in the Washington Supreme Court.  After examining case law from other circuits and the U.S. Supreme Court, the Ninth Circuit concluded that because the petitioner "raised his federal constitutional claims for the first and only time to the state's highest court on discretionary review, he did not fairly present them."  *Id*. at 918.

       Further, Petitioner would be precluded from post-conviction relief on Ground Six under Rule 32, Ariz. R. Crim. P. (Doc. 36 at 14).  Rules 32.2(b) and 32.4(a), Ariz. R. Crim. P., do not bar untimely claims that fall within the categories set forth in Ariz. R. Crim. P. 32.1(d) through (h):

> d.  The person is being held in custody after the sentence imposed has expired;

e.  Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:

  (1).  The newly discovered material facts were discovered after the trial.

  (2).  The defendant exercised due diligence in securing the newly discovered material facts.

  (3).  The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.

f.  The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or

g.  There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or

h.  The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Petitioner does not assert that any of the above exceptions apply to his claims.  Nor does it appear that such exceptions would apply.  Ground Six is deemed procedurally defaulted.  *Beaty*, 303 F.3d at 987 (a claim is procedurally defaulted "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the requirement would now find the claims procedurally barred") (quoting *Coleman*, 501 U.S. at 735 n.1)).  Because the undersigned finds that Petitioner's procedural default is not excused, as explained below, it is recommended that the Court dismiss Ground Six.

### F.  Petitioner's Procedural Defaults Are Not Excused

The merits of a habeas petitioner's procedurally defaulted claims are to be

1  reviewed if the petitioner (i) shows cause for the default and actual prejudice as a result
2  of the alleged violation of federal law or (ii) shows that the failure to consider the federal
3  claim will result in a fundamental miscarriage of justice.  *McKinney v. Ryan*, 730 F.3d
4  903, 913 (9th Cir. 2013).

5       Petitioner's status as a pro se litigant does not exempt Petitioner from the "cause
6  and prejudice" standard.  *Hughes v. Idaho State Board of Corrections,* 800 F.2d 905, 908
7  (9th Cir. 1986).  Petitioner has not shown that an objective factor external to Petitioner
8  impeded with his efforts to present his procedurally defaulted claims in a properly filed
9  PCR Petition.  Petitioner has therefore failed to show cause for his procedural defaults.
10  Where a petitioner fails to establish cause, the Court need not consider whether the
11  petitioner has shown actual prejudice resulting from the alleged constitutional violations.
12  *Smith v. Murray,* 477 U.S. 527, 533 (1986).  Accordingly, the undersigned finds that
13  Petitioner has not satisfied the "cause and prejudice" exception to excuse his procedural
14  defaults.

15       To satisfy the fundamental miscarriage of justice exception, Petitioner must show
16  that  "a  constitutional  violation  has  resulted  in  the  conviction  of  one  who
17  is actually innocent."  *Schlup*, 513 U.S. at 327.  Petitioner states that "[b]y definition of
18  the charged offense, I am innocent."  (Doc. 17 at 5).  To the extent Petitioner argues that
19  the miscarriage of justice exception should be applied to excuse Petitioner's procedural
20  defaults, Petitioner does not proffer any new evidence to support actual innocence.
21  *Schlup*, 513 U.S. at 324 ("To be credible, such a claim requires petitioner to support his
22  allegations of constitutional error with new reliable evidence–whether it be exculpatory
23  scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.").
24  After  reviewing  the  record,  the  undersigned  finds  no  evidence  showing  that  a
25  constitutional violation has probably resulted in the conviction of an innocent man.  The
26  undersigned thus finds the miscarriage of justice exception inapplicable to this case.[9]

27
28       [9] In addition, it is unclear "whether the *Schlup* actual innocence gateway always
applies to petitioners who plead guilty." *Smith v. Baldwin*, 510 F.3d 1127, 1140 n. 9 (9th
Cir. 2007) ("We are aware of a potential incongruity between the purpose of the actual

1  *Wood*, 693 F.3d at 1117.  Consequently, the undersigned recommends that the Court not

2  excuse Petitioner's procedural defaults.

3  **III.  CONCLUSION**

4  Based on the foregoing reasons, the undersigned recommends that the Court deny

5  and dismiss the Petition (Doc. 1) with prejudice.

6  Accordingly,

7  **IT IS RECOMMENDED** that the Petition (Doc. 1) be **DENIED** and

8  **DISMISSED WITH PREJUDICE**.

9  **IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave

10  to proceed in forma pauperis on appeal be denied because Petitioner has not made a

11  substantial showing of the denial of a constitutional right.

12  This recommendation is not an order that is immediately appealable to the Ninth

13  Circuit Court of Appeals.  Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1)

14  should not be filed until entry of the District Court's judgment. The parties shall have

15  fourteen days from the date of service of a copy of this recommendation within which to

16  file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

17  6, 72. Thereafter, the parties have fourteen days within which to file a response to the

18  objections. Failure to file timely objections to the Magistrate Judge's Report and

19  Recommendation may result in the acceptance of the Report and Recommendation by the

20  District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114,

21  1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the

22  Magistrate Judge may be considered a waiver of a party's right to appellate review of the

23

24

_____

25  innocence gateway announced in *Schlup* and its application to cases involving guilty (or
   no contest) pleas. . . .   For purposes of our analysis, however, we assume without

26  deciding that the actual innocence gateway is available to [the plea-convicted habeas
   petitioner].").  Decisions in which the Ninth Circuit or United States Supreme Court have

27  considered gateway claims of actual innocence in a plea context involved subsequent
   case law that arguably rendered the defendant's acts non-criminal. *See, e.g. Bousley v.*

28  *United States,* 523 U.S. 614, 621-23 (1998); *Vosgien v. Persson*, 742 F .3d 1131, 1134-35
   (9th Cir. 2013); *U.S. v. Avery*, 719 F.3d 1080, 1084-85 (9th Cir. 2013).

1     findings of fact in an order or judgment entered pursuant to the Magistrate Judge's

2     recommendation.  *See* Fed. R. Civ. P. 72.

3          Dated this 20th day of April, 2016.

4

5

6     _____

      Eileen S. Willett

7     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28